In the Matter of the Construction of the Will of CHARLES E. LUMB, Deceased.

Surrogate's Court, New York County, November 12, 1948.

*Alexander Ackerson* for Theresa M. Phillips, petitioner.

*Samuel M. Birnbaum* and *Diamond & Kreitman* for Marjorie Kuhr, respondent.

*Max J. Merbaum* for Marjorie Murray, as executrix of Emily Kapp, deceased, and others, respondents.

*Harris & Witlin* for Dorothy Phillips, respondent.

DELEHANTY, S. Deceased's will bequeaths his residuary estate to one of his sisters '' and to her heirs and assigns forever '' but provides that should such sister predecease deceased the residuary be paid to a nephew '' and to his heirs and assigns forever ''. Both the sister and the nephew predeceased deceased. The general rule is that the quoted expressions are to be construed as words of inheritance and not words of purchase. That such locutions were not intended by deceased to create substitutional gifts is evidenced by his explicit substitution of the gift to his nephew in the event deceased's sister predeceased him.

The court holds that in the light of the actual survivorship of the residuary legatees of deceased, the will makes no effective disposition of the estate and the assets constituting such residuary pass in intestacy.

The court does not enter into the detail of the administration of an estate and no occasion for any intervention here exists in view of the agreement of the parties expressed in the stipula-

tions executed by them. If a distribution in kind is made of the corporate shares, the distributees will control the corporation and the real property owned by it. For such reasons no action is taken by the court in respect of the requests for instructions or the stipulation.

Submit, on notice, decree construing the will.